IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Japan America Trading Agency Inc. dba Jatai International, | ) ) ) CASE NO. |
| Plaintiff, | ) ) |
| v. | ) Demand for Jury Trial ) |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATION IDENTIFIED ON SCHEDULE A HERETO, Defendants. | ) ) ) ) ) ) |

_____

Plaintiff, Jatai International ® ("Plaintiff" or "Jatai"), by and through its counsel, for its Complaint against Defendants, The Partnerships and Unincorporated Associations Identified in Schedule "A," attached hereto, (collectively hereinafter referred to as "Defendants"), alleges as follows:

## SUMMARY

Jatai is an exclusive North American Distributor for products sold by manufacturers who demonstrate superior workmanship, the most advanced technology, and respected business core values of reliability, honesty and integrity. One such manufacturer that Jatai works with is Feather Safety Razor Co., Ltd., a major brand within their industry.

Jatai was the first liaison office to promote commerce between the United States and Japan. Jatai maintains cutting edge expertise in foreign commerce and the import business as well is constantly evolving to meet the needs of brands and consumers, alike. Jatai is the only authorized

distributor and reseller of the Feather brand professional beauty, barber, and personal care products (hereinafter referred to as "Feather Products" or "Products") into North America and has been for over forty (40) years. Jatai is the <u>exclusive distributor of</u> Feather Products for all of North America. Jatai has maintained an exceptional reputation for service and sales of the Feather Products. Jatai, through its authority from Feather, imports and resells the Products on-line through third party platforms, including Amazon. Jatai, through its contractual relationship with Feather, is allowed to distribute in North America to sub-distributors at a wholesale level as well. In other words, Jatai authorizes each and every reseller of Feather Products. Jatai is held to a strict standard of standard operating procedures conveyed and enforced by Feather for the sale of the Products.

Unauthorized third party sellers have been buying Feather Products in Japan, without any authority from Feather, shipping them to North America, and reselling them in the United States, in this jurisdiction, without authority of Feather and to the detriment of the United States consumers who believe they are purchasing a Feather Product from Feather or an authorized distributor, and thus, receiving the warranties and guarantees that should accompany a Feather Product, but in reality receive none of the warranties and guarantees from Feather due to the unauthorized sales by the Defendants. Consumers are being harmed and this cause of action seeks to cease the continued and improper sales by the Defendants to unsuspecting consumers.

## **JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this action pursuant to diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are, respectively, citizens of foreign states/countries and this state, and the amount in controversy exceeds $75,000.

2. Defendants are subject to specific jurisdiction in this Court because, *inter alia*,

it conducts business in the District and has committed the acts complained of herein within this District.

3. On information and belief, Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendants Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendants Internet Stores through which Illinois residents can purchase Plaintiff's products.

4. Defendants have purposely directed its activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

5. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's products to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois and the United States.

## PARTIES

6. Plaintiff is a corporation organized and existing under the laws of the State of California, with a place of business at 6980 Hermosa Circle, Buena Park, CA.

7. On information and belief, Defendants are individuals and business entities who, upon information and belief, reside in foreign jurisdictions, and source their Feather

Products from likely one source who is illegally obtaining the Feather Products and reselling to the Defendants. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendants' Internet Stores. Each Defendants targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell illegal Feather Products to consumers within the United States, including the State of Illinois. Defendants and their respective illegally procured Feather Products are shown in Exhibit A (SEALED).

8. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that they are unauthorized to sell in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network nor how they are able to acquire genuine Feather Products when they are not privy to the mandatory exclusive North American Distributorship Agreement. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint and add additional parties.

9. Further, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendants' Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendants' Internet Store registration

patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

## BACKGROUND FACTS

10. Plaintiff is the exclusive distributor of high-quality beauty and barber grooming tools pursuant to an Exclusive North American Distribution Agreement (hereinafter referred to as the "Agreement") with Feather. This Agreement allows Jatai to import and resell Feather Products, both online and offline through their retail stores, as well as designate sub-distributors at a wholesale level for the sale of Feather Products in the United States. The Defendants identified herein are not sub-distributors of the Agreement between Feather and Jatai, nor has Jatai sold any Feather Products to the Defendants listed on Schedule A. Thus, any sales by the Defendants are unauthorized and illegal.

11. Jatai, per the Agreement, is the sole agent responsible for the management and enforcement of the Feather brand Products and the related intellectual property in North America and on the Amazon platform.

12. Jatai has spent considerable resources to market and protect this Agreement and its relationship with Feather, which have become a symbol of quality and effectiveness in the industry. Because of the quality, reliability, and effectiveness of Feather Products, consumers trust Jatai and associate Jatai names with high quality products.

13. Jatai sells the Products on its website, through select online and traditional retailers, and on the Amazon Marketplace through authorized resellers. The Defendants have never been granted permission to sell Feather Products from Jatai.

14. By distributing the Products under the Agreement, Jatai is able to provide and ensure the safety and satisfaction of consumers and maintain the integrity and reputation of

Products that come backed with the warranties of the Feather Brand. In the highly competitive beauty and skin care products industry, quality, customer support, and warranties are fundamental to a customer's decision to purchase a particular product.

### Online Marketplace Challenges

15. The explosion of e-commerce websites, particularly Amazon, has created problems for manufacturers in terms of ensuring that products being sold are genuine, defect-free products.

16. In this e-commerce age, unauthorized resellers can obtain a manufacturer's products from a variety of sources and sell them anonymously online. The online marketplaces also allow third parties to sell products anonymously, *i.e.*, without disclosing their actual identity or sources to consumers. As such, any person who is able to obtain a manufacturer's products through unauthorized diversion can sell them on the online marketplaces without having to reveal his/her identity to the consuming public. This effectively prevents the manufacturer and the consumer and the authorized resellers from being able to reach unauthorized resellers, like Defendants, and address quality concerns.

17. Many times, these products may be materially different in that they are damaged, expired, sold without guarantee, not in compliance with federal regulations, or of an inferior quality. However, given the nature of e-commerce sales, consumers unknowingly purchase these products believing them to be genuine and afforded the Brand's warranty protections.

18. On Amazon all sales of a particular product are sold under a single Amazon Standard Identification Number (ASIN), so consumers face an even more significant challenge trying to determine whether a product is coming from an authorized reseller offering genuine

products or from an unauthorized reseller offering an inferior version of such products.

19. This is precisely the problem that e-commerce websites create, anonymous third parties sell products that may be inferior or defective and consumers are ultimately harmed when they receive non-genuine products. Jatai strives to protect consumers, as does Feather by appointing an exclusive distributor.

20. Consumers will associate any harm or inferior product with the manufacturer, not the anonymous reseller. For example, a customer purchases a product on a marketplace and receives a damaged, defective, or poor-quality product, the customer is much more likely to associate that frustration with the brand/manufacturer than the anonymous seller. The consumer may leave a negative review which significantly impacts a brand's reputation, but which likely occurs from a sale by an unauthorized reseller.

**Jatai Has Implemented Strict Quality Controls To Protect Consumers And To Ensure Customers Receive The Genuine And High-Quality Products They Expect From Jatai and Feather**

21. Recognizing the risks to consumers and to their reputations caused by the unauthorized sale of Products on the online marketplaces, Jatai is required to follow and implement quality controls that apply to Products sold with the goal of protecting consumers and the value and goodwill associated with the Feather brand.

22. The goal of the quality controls is to ensure that consumers who purchase the Products receive products that feature all of the special characteristics that consumers have come to expect from Products sold under the Feather brand – including the warranty, quality and reliability.

23. The quality controls seek to prevent consumers from receiving damaged, defective, and poor-quality products to ensure protection to consumers from confusion and

unsafe products and also to protect the value and goodwill associated with the Feather Products.

24. Jatai abides by its quality control requirements imposed upon them when entering into the Agreement with Feather.

25. Jatai's ability to exercise these quality controls is essential to the integrity, safety, and quality of the Products, as well as the safety and satisfaction of consumers.

## Authorized Resellers Are Required To Adhere To Feather's Quality Control And Customer Service Requirements

26. Feather maintains its strict quality controls over its Products by conducting all sales through its Authorized Resellers/Distributors.

27. Jatai is the only Authorized Reseller in the United States and they are required to abide by the authorized reseller policies and agreements for the Products (referred hereinafter as the "Rules").

28. The Rules limit to whom and where Authorized Resellers may sell Products. To prevent third parties from acquiring and reselling Products, the Rules permit Jatai to be the only Authorized Distributor to bring the Feather Products to North America. Jatai, and any resellers they appoint, are the only resellers authorized to resell the Feather Products to end users. The Rules specifically prohibited any parties not authorized by Jatai from reselling products to other resellers or to consumers.

29. If a quality issue arises through an online sale, Jatai can identify if they made the sale and address the issue immediately. Jatai is unable to take such action against unauthorized sellers, such as the Defendants, because it does not know who these unauthorized resellers are and cannot obtain their cooperation, and likely cannot even communicate with them, in addressing any product quality issues that may arise.

30. In addition to restricting where and how the Products can be sold, the Rules also require Jatai to adhere to quality control requirements related to the inspection, handling, and storage of Products. The Feather Products come with a warranty that is only effective and honored if the Products are sold by a Jatai appointed authorized reseller.

31. To ensure that customers receive the genuine and high-quality products they expect, the Rules require that all Feather Products be inspected for damages, defects, evidence of tampering, and other non-conformance and that Jatai and its authorized resellers remove all such products from inventory and are prohibited from selling damaged or defective products. These Rules are not followed, nor known, by the Defendants.

32. The Rules also require that Jatai, and its authorized resellers, store the Products in accordance with guidelines issued by Feather. This requirement helps ensure that Products are stored properly and are not damaged prior to being shipped to the consumer. The Defendants are not privy to these guidelines as they do not follow the proper channels to acquire the Feather Products.

33. To avoid consumer confusion and ensure that customers receive genuine Products, Jatai is prohibited from relabeling, repackaging, or altering Products. Jatai must not remove, translate, or modify the contents of any label or literature on or accompanying Products. Further, Jatai is prohibited from tampering with, defacing, or otherwise altering any identifying information on Products, including any serial number, UPC code, or other identifying information. Jatai educates and requires all authorized resellers to abide by these same standards.

34. Jatai, and its authorized resellers, also ensures that consumers receive safe products by requiring that it follows Feather's Rules and assists with recalls and other consumer

safety information efforts.

35. The Rules also require that Jatai and the authorized resellers provide certain services to their customers. They must familiarize themselves with the features of all Products kept in their inventory. This requirement ensures that Jatai and the authorized resellers are uniquely qualified to recommend Products best suited for end-user consumers' needs.

36. Following the sale of Products, Jatai and the authorized resellers supply ongoing support to end-user consumers and are required to provide customer service and support by promptly responding to consumer inquiries.

37. The quality control requirements are legitimate and substantial and have been implemented so that Jatai and the authorized resellers can control the quality of goods manufactured and sold by them so as to protect consumers, as well as the value and goodwill associated with the Feather Brand. The Product's quality control requirements are also material, as they are designed to protect consumers and prevent them from receiving poor quality Products. Consumers would find it material and relevant to their purchasing decision to know whether a Feather Product they were considering buying was being sold by an Authorized Reseller who is subject to Feather and Jatai's quality control requirements or whether the product is being sold by an unauthorized seller who is not subject to, and does not abide by, Feather's quality controls and over whom neither is able to exercise its quality controls requirements.

## Genuine Products Come With A Warranty

38. Products purchased from Jatai and Authorized Resellers come with a Feather Warranty (the "Warranty").

39. The Warranty warrants Products against defects in manufacturing, material, or

workmanship under normal use and service for the applicable Warranty period, subject to the conditions contained therein.

40. As discussed above, Jatai cannot ensure the quality of the products sold by unauthorized sellers, like Defendants, who are not subject to Jatai's control. For this reason, the Warranty is not available for Products sold by unauthorized sellers, such as Defendants. As such, Warranty is a material component of genuine Feather Products. Consumers who purchase Products with the Warranty receive good quality products knowing that if a defect occurs, they will have the ability to have the product repaired or replaced by Jatai or its authorized resellers.

41. Consumers find it material and relevant to their purchasing decision to know whether a Product they were considering buying was covered by the Warranty. If a consumer knew a product did not come with a Warranty, the consumer would be less likely to purchase the product.

## As Unauthorized Resellers, DEFENDANTS are Illegally Selling Products

42. In the course of monitoring the online listings of Products under an ASIN, Jatai discovered Products only they are allowed to resell being illegally sold by Defendants on Amazon under their storefronts.

43. Defendants sell at unreasonably low prices that undercut Jatai's Authorized Resellers of the Products. This not only calls the quality and authenticity of Defendants' products into question, but it also interferes with Jatai's Authorized Distributors' sales as well as Jatai's efforts to obtain new Authorized Distributors.

44. In addition, Defendants have sold materially different items to consumers, including items in foreign packaging not intended for sale in North America. These sales cause

consumer confusion and damage to Feather brand's reputation.

45. Jatai's brand protection team repeatedly advised Defendants, over the course of several years, to cease their illegal sales and unauthorized sales of the Feather Products, with cease and desist letters, sent multiple times via email and certified mail. Jatai, in these letters, requested that Defendants cease their improper sales and that Jatai was contractually required to enforce Feather's intellectual property rights, as well as the terms of the Agreement. Defendants ignored these repeated warnings. See Exhibit B attached hereto of a sampling of theses cease and desist ("C&D") letters dating back to 2021.

46. Defendants are not an Authorized Reseller of Products, do not comply with Authorized Reseller requirements or the Feather Rules, nor do they comply with the quality control requirements imposed by Feather, nor have they applied to be Authorized Online Resellers of Products. Thus, the Defendants sales are unauthorized, illegal and damaging to consumers.

## COUNT I - DECLARATORY JUDGMENT
**(Defendants are not authorized distributor/reseller of Feather Products)**

47. Plaintiff realleges and incorporates all previous paragraphs.

48. Feather only allows distribution of the Products from Japan and sales into North America, through its Exclusive Distributorship Agreement ("Agreement").

49. Feather's Agreement is with Jatai. Jatai has been the Exclusive Distributor into North America of Feather Products for over forty (40) years.

50. Jatai is permitted to engage additional resellers, and has done so, and these authorized resellers are permitted to resell on third party platforms. However, these Jatai authorized resellers are required to comply with all Rules. None of the Defendants are party to

an Agreement with Jatai and thus are importing and reselling the Feather Products illegally.

51. Under these facts, an actual controversy exists between Plaintiff and Defendants.

52. Plaintiff is entitled to a declaratory judgment that it, and the specific authorized resellers engaged by Jatai are the only authorized resellers in North America of the Feather Products.

### COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

53. Plaintiff realleges and incorporates paragraphs 1 through 44 as though set forth herein.

54. Feather Products are imported to North America by Jatai pursuant to the Agreement with Feather.

55. Jatai has entered into a valid and enforceable Agreement with Feather to distribute and resell the Feather Products in North America. The Agreement specifically prohibits any other authorized distributors for North America.

56. The Agreement allows only Jatai to appoint additional resellers in North America to resell Feather Products. Jatai has appointed and contracted with a "Network of Authorized Resellers in North America," pursuant to its Agreement with Feather.

57. The Agreement specifically prohibits any other authorized resellers from selling Feather Products to unauthorized resellers such as Defendants.

58. Defendants are not part of the Network of Authorized Resellers in North America.

59. Defendants are not authorized resellers of the Feather Products. Despite this, Defendants have sold and are continuing to sell a high volume of Feather Products bearing the Feather Trademarks on the Internet.

60. Jatai has an advantageous business relationship with Feather, which allows it to be the exclusive North American importer from Japan of the Products and the exclusive distributor of the Feather Products in North American as well. This advantageous business relationship allows only Jatai to authorize additional resellers.

61. At all relevant times, Defendants were aware of Jatai's business relationship with Feather and were repeatedly advised of the relationship amongst Jatai and Feather in the C&D letters they repeatedly received from 2021 to the present. The C&D specifically reminded them that Jatai is the sole and exclusive distributor in North America of Feather Products and thus their sales of the Feather Product is improper. See Exhibit B.

62. Defendants have known that Jatai's contracts with its Network of Authorized Resellers in North America prohibits them from acquiring products based on the C&D letters they have received.

63. At all relevant times, Defendants were aware of the terms and conditions of the contracts, as well as the advantageous business relationship that comes with being an exclusive distributor and reseller.

64. Defendants intentionally and improperly interfered with Jatai's advantageous and contractual relationship using unlawful means, namely, by selling illegally obtained products.

65. Defendants' conduct directly and proximately caused disruption of Jatai's relationship and Agreement with Feather as there are sales on third party platforms in direct

violation of the Agreement, thus jeopardizing the contractual relationship Jatai has as the exclusive distributor, as well as the contracts Jatai has with its Network of Authorized Resellers in North America.

66. Defendants intended to cause harm to Jatai and jeopardize their Agreement with Feather and their contracts with the Network of Authorized Resellers in North America and therefore, Defendants are interfering with the business relationships between Feather and Jatai and Jatai and the Network of Authorized Resellers in North America.

67. Defendants had actual knowledge based on their multitude of correspondence from Jatai's brand protection team that Defendants' actions could cause Feather to suspend Jatai's ability to import and sell the Feather Products in North America and could harm the contracts Jatai has with its Network of Authorized Resellers in North America.

68. Defendants' direct contravention of purchasing the Products from unauthorized resellers without approval of Feather and/or Jatai were made with the improper motive to harm Jatai and destroy its relations with Feather and its Network of Authorized Resellers in North America, and, for the improper purpose of suppressing competition.

69. Defendants' actions interfered with Jatai's business relationship with Feather and its Network of Authorized Resellers in North America and proximately caused Jatai's sales to diminish and its reputation to be harmed by Defendants reselling these illegally obtained, and possibly inauthentic, Feather Products.

70. Defendants' actions interfered with Plaintiff's business relationship with Feather and its Network of Authorized Resellers in North America and proximately caused the diminution in its reputation and sales.

71. The intentions of Defendants are demonstrated by the fact that Defendants

purchased the Products from third parties, not the Brand or its authorized resellers, in order to circumvent the Agreement and contracts between Plaintiff and Feather and Plaintiff and its Network of Authorized Resellers in North America, respectively.

72. The intentions of Defendants are demonstrated by the fact that Defendants has never offered any coherent explanation or response to the numerous cease and desist letters advising them of their continued illegal acts.

73. Defendants' procurement and sales of the Product were made maliciously and with ill will.

74. Plaintiff has been damaged as asserted herein and these damages continue to accrue.

75. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

76. Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

A. An order declaring that Plaintiff is the only Authorized and Exclusive North American Distributor for the Products;

B. Preliminary and permanent injunctive relief restraining Defendants, its agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from selling the Products on Amazon and any other e-commerce platform.

C. An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

D. An award of all costs and fees incurred in this Action; and

E. Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated: May 6, 2024                                Respectfully submitted,

*/s/ Cory Jay Rosenbaum*
(electronically signed)
C.J. Rosenbaum, Esq
Rosenbaum & Segall, P.C.
122 South Michigan Avenue
Suite 1390
Chicago, Illinois 60603
CJR@AmazonSellersLawyer.com
212-256-1109
NYS Bar #2669133