**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAPAN AMERICA TRADING AGENCY, ) <br> INC., d/b/a Jatai International, ) <br> ) <br> Plaintiff, ) <br> ) No. 24-cv-3632 <br> v. ) <br> ) Judge April M. Perry <br> ) <br> GOLDEN BROTHERS; MU LLC; ) <br> TNJ EXPRESS; TOMONORI STORE, ) <br> ) <br> Defendants. ) | |

## OPINION AND ORDER

    Plaintiff Japan America Trading Agency, Inc. ("Plaintiff") brings this action for tortious interference with contract and seeks declaratory judgment against Defendants Golden Brothers, MU LLC, TNJ Express, and Tomonori Store ("Defendants"). Prior to Defendants being served, Plaintiff sought and received an *ex parte* temporary restraining order. Doc. 9, 10. Shortly after Defendants were served but before they had obtained legal counsel, Plaintiff sought and received a preliminary injunction. Doc. 37, 40. Defendants have now obtained counsel and have filed a motion for judgment on the pleadings and a motion to vacate the preliminary injunction order. Doc. 80, 90. For the following reasons, both motions are granted.

## BACKGROUND

    According to the complaint, Plaintiff is the exclusive North American distributor and reseller for Feather Safety Razor Company, Ltd. ("Feather"), which manufactures and sells professional beauty, barber, and personal care products. Doc. 1 at 2. Plaintiff pleads that Defendants are purchasing Feather products in Japan and shipping those products to North America where they are then resold. *Id*. Because Defendants are not authorized resellers, there is no Feather warranty that accompanies the products Defendants sell, nor is Plaintiff able to ensure the quality of the products sold. *Id*. Plaintiff also alleges that Defendants sell at lower prices than authorized resellers, use foreign packaging, and sometimes sell materially different items than advertised, all of which causes consumer confusion and damage to Feather's brand reputation. *Id*. at 11-12. Because of this, Plaintiff has sent Defendants numerous cease and desist letters over the last several years. *Id*. at 12.

## ANALYSIS

Defendants have moved for judgment on the pleadings and to vacate the preliminary injunction order. In reviewing a motion for judgment on the pleadings, the Court accepts all the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Applying that standard, the Court finds that the complaint in this case has not alleged a viable claim of tortious interference with contract.

Under Illinois law, a claim of tortious interference with contract has five elements: "(1) a valid contract, (2) defendant's knowledge of the contract, (3) defendant's intentional and unjustified inducement of a breach of the contract, (4) a subsequent breach of the contract caused by defendant's wrongful conduct, and (5) damages." *Webb v. Frawley*, 906 F.3d 569, 577 (7th Cir. 2018); *HPI Health Care Servs., Inc., v. Mt. Vernon Hosp., Inc*., 545 N.E.2d 672, 676 (Ill. 1989). When analyzing whether the defendant has induced a breach of contract, the defendant must have "immediately directed" acts "at a third party which cause that party to breach its contract with the plaintiff." *George A. Fuller Co. v. Chi. Coll. of Osteopathic Med*., 719 F.2d 1326, 1331 (7th Cir. 1983). This requires that the defendant engage in "some active persuasion, encouragement, or inciting" of the third party. *In re Estate of Albergo*, 656 N.E.2d 97, 103 (Ill. App. Ct. 1995). It is not enough that a defendant merely engages in conduct knowing that it "is substantially certain to result in one party breaking its contract with another." *Webb*, 906 F.3d at 579.

In this case, Plaintiff has alleged that there was a valid contract between Plaintiff and Feather (element one) and that Defendants knew of that contract from the cease and desist letters sent to them over multiple years (element two). Plaintiff has also alleged that it was damaged by Defendants' sales of Feather products in the United States (element five). However, Plaintiff's complaint is silent as to how Defendants induced a breach of the Plaintiff-Feather contract (element three), or whether there even was a breach of the Plaintiff-Feather contract (element four). Illinois law is clear that for Defendants to be liable for tortious interference, they must have intentionally directed some act at Feather. But Defendants are four apparently separate companies who, at least according to the allegations in the complaint, have never had any contact with Feather. Not a single allegation in the complaint indicates that any one of the Defendants persuaded, encouraged, or incited Feather to do (or not do) anything. Nor does the complaint allege that Feather did (or did not do) anything in response to Defendants' acts that would constitute a breach of Feather's contract with Plaintiff. Therefore, the tortious interference claim is not plausibly pled and must be dismissed. *See, e.g., McCoy v. Iberdrola Renewables, Inc*., 760 F.3d 674, 685 (7th Cir. 2014) (affirming dismissal of tortious interference claim where the complaint did not allege a breach of contract).[1]

---

[1] At certain points in Plaintiff's briefs, it appears as though Plaintiff is also trying to argue that Defendants tortiously interfered with Plaintiff's contracts with its resellers. This theory of liability suffers from the

The Court does not find persuasive Plaintiff's arguments that the very fact of Defendants' sales of Feather products constituted a breach of Plaintiff's distribution agreement with Feather. *See, e.g.*, Doc. 103 at 7 ("each Defendant proceeded with their unlawful sales, thereby placing both [Plaintiff] and Feather in violation" of the distribution agreement); Doc. 103 at 8 ("Feather is in breach of the contract whenever its products are exported from Japan to the United States."). Defendants cannot breach a contract to which they are not bound. And the Court finds it hard to believe that either Plaintiff or Feather would have signed a contract agreeing to be found in breach based upon the conduct of unknown third parties who they could not control. More importantly, the allegation that either Plaintiff or Feather did in fact breach the Plaintiff-Feather agreement does not appear anywhere in the complaint.

As for Plaintiff's request for a declaratory judgment clarifying its rights and obligations under the Feather distribution agreement, there seems to be no legitimate case or controversy between Feather and Plaintiff as to what is required under their contract. What Plaintiff really wants is for this Court to make the Plaintiff-Feather distribution agreement binding on the non-signatory Defendants. But Plaintiff does not cite a single case or statute that would support such an outcome. Plaintiff continually alleges that Defendants' resale of Feather products is "illegal." While it is clear that the Plaintiff-Feather agreement did not contemplate such conduct by a third party, that does not make it against the law. There may be some legal basis for Plaintiff or Feather to assert their intellectual property interests in the Feather brand against Defendants, but a standalone claim under the Declaratory Judgment Act is not it.

For the foregoing reasons, the Court grants Defendants' motion for judgment on the pleadings and the complaint is dismissed. If Plaintiff believes that it can amend the complaint consistent with this opinion, it has until June 16, 2025 to do so. Given that the Court is dismissing the complaint, the preliminary injunction in this matter is vacated.

Dated: May 14, 2025

                                                                         APRIL M. PERRY
                                                                        United States District Judge

---

same problems the Court has already noted: namely, Defendants are not alleged to have induced the resellers to do anything to breach any contracts they may have had with Plaintiff. Additionally, the complaint itself is devoid of allegations that those contracts were in fact breached.